IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SAMPSON CONSTRUCTION CO., INC., | ) ) ) | Case No. 4:20-cv-03149 |
| Plaintiff, | ) ) ) | |
| | ) ) | PROTECTIVE ORDER |
| DEVELOPERS SURETY AND INDEMNITY COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

Upon consideration of the parties' *Joint Motion for Protective Order*, (Doc. 16), the Court enters the following Protective Order governing the disclosure of confidential material by a producing party to a receiving party in this action.

1. This Protective Order shall apply to all information, documents, testimony and things within the scope of discovery in the above-referenced action that are in the custody or possession of the Parties and/or which were received by a Party from a third party under an obligation of confidentiality or privacy, which constitute or contain confidential, privileged, proprietary and/or otherwise sensitive or protected trade secrets and/or commercial information, and which are properly designated as "CONFIDENTIAL" by the Producing Party pursuant to the following provisions, including, but not limited to, documents and things responsive to requests for production of documents, responses to written interrogatories, responses to requests for admission,

testimony adduced at depositions, and hearing or trial transcripts or documents received via third parties, but which are produced pursuant to this Protective Order. Use of CONFIDENTIAL information by the Receiving Party shall be limited to the purposes of this litigation and shall not be used for any other purpose or in any other proceeding or venue, except that CONFIDENTIAL information obtained or in the possession of the Receiving Party by another method than receipt of discovery or otherwise in this litigation may be used by the Receiving Party in the normal course of business. The following information shall not be deemed or considered CONFIDENTIAL under this Order: (a) information in the public domain; (b) information already known by the receiving Party through proper means; and (c) information that is or becomes available to a Party from a source (i) other than the Party asserting confidentiality and (ii) rightfully in possession of such information on a non-confidential basis.

2.  The Producing Party shall label or mark documents, portions of documents, answers to interrogatories, responses to requests for admission, deposition transcripts, affidavits, expert reports, legal briefs or memoranda, and information derived therefrom that constitute CONFIDENTIAL information with the legend "CONFIDENTIAL." Documents and things that constitute CONFIDENTIAL material shall be labeled or marked with the appropriate legend when produced to a Receiving Party. The designation of "CONFIDENTIAL" by a Producing Party constitutes a representation by the Producing Party that it reasonably and in good faith believes the designated material contains protected information.

3.  Documents and things produced without the above-referenced legend shall not be CONFIDENTIAL pursuant to this Protective Order unless agreed by all

Parties or ordered by this Court, or otherwise designated CONFIDENTIAL in accordance with the provisions of Paragraph 4 of this Protective Order.

4. Testimony adduced at depositions upon oral examination of any witness that constitutes or includes CONFIDENTIAL information may be so designated when such testimony is provided or within thirty (30) days after an official deposition transcript is received by the designating party. The Parties agree to mark all copies of such deposition transcript with the appropriate "CONFIDENTIAL" legend. The Parties agree to treat all testimony adduced at each deposition as CONFIDENTIAL for at least thirty (30) days after receipt of the deposition transcript. If notice is timely received, prior to the expiration of said thirty (30) day period, that a Party or Signatory has designated transcript pages or testimony as CONFIDENTIAL, such testimony and/or pages shall be deemed CONFIDENTIAL under this Order. All other deposition testimony shall not be subject to this Order.

5. If a Producing Party, through inadvertence, mistake or neglect, produces or provides any CONFIDENTIAL information without labeling or marking said information with the legend "CONFIDENTIAL" as contemplated above, it may give written notice to the Receiving Party that the document or thing is CONFIDENTIAL and should be treated as such in accordance with the provisions of this Protective Order. Upon receipt of such information, and unless challenged successfully pursuant to Paragraph 20 of this Protective Order, the Receiving Party shall treat such document or thing as CONFIDENTIAL information and shall mark the document or thing "CONFIDENTIAL" and notify the Producing Party accordingly. Prior to receipt of such notice, disclosure of such document or thing shall not be deemed a violation of this

Protective Order. The acts required under this paragraph shall be made within a reasonable period of time from production.

6. Nothing contained in this Protective Order shall be construed to affect or govern the scope of discovery in this action, or to preclude any Party from moving this Court for a further order or relief. Nothing contained in this Protective Order shall be construed to require production or disclosure of any CONFIDENTIAL information protected from disclosure by the attorney-client privilege or the attorney work product doctrine.

7. Except in the event that the requesting Party disputes the claim, any CONFIDENTIAL discovery materials the Producing Party deems to have been inadvertently disclosed and to be subject to the attorney-client privilege or the work-product protection shall be, upon written request, promptly returned to the Producing Party, or destroyed, at that Party's option. If the claim is disputed, a single copy of the materials may be retained by the requesting Party for the exclusive purpose of seeking judicial determination of the matter.

8. Material marked CONFIDENTIAL may be offered into evidence at hearings on motions and may be used to prepare for and conduct discovery, to prepare for trial and to support or oppose any motion in this action, but shall be subject to Paragraphs 9 through 18, below, and any further order regarding confidentiality entered by this Court.

9. Material marked CONFIDENTIAL shall be deemed and treated as CONFIDENTIAL information, unless and until this Court rules to the contrary, and shall not be disclosed by the person receiving it to any other person without the prior written consent of the Producing Party or an order of the Court, except to the following:

    a. outside counsel who represent parties that have appeared in the action, and regular and temporary employees of such counsel (such as other lawyers, clerical, paralegal or secretarial personnel) necessary to assist in the conduct of the action for use in accordance with this Order;

    b. In-house counsel and employees of the parties with responsibilities relating to this action;

    c. experts, contractors, or consultants retained by outside counsel or the parties or designated as expert witnesses in the action and deemed necessary to assist outside counsel for parties that have appeared in the action;

    d. the Court and its employees, including, without limitation, court reporters, employees in the Clerk's Office, and law clerks, provided that the CONFIDENTIAL discovery material is filed in accordance with the terms of this Order;

    e. deposition or trial witnesses or potential deposition or trial witnesses in this action who are not subject to Paragraphs 9(b) and 9(c) above;

    f. corporate representatives of the Parties with a need to know basis for purposes of handling and/or resolving this action;

    g. stenographers, videographers, or other persons preparing transcripts of testimony in connection with the action;

    h. members of data entry, data processing, or computer imaging firms employed by either the parties or counsel to assist in the development or use of data retrieval systems or computer imaging of documents in connection with this action;

    i. employees of copy services utilized with respect to this action, provided they return the materials and all copies thereof to the Party utilizing the service;

    j. employees of litigation support vendors utilized with respect to this action;

    k. insurers, reinsurers, or regulators, if any, participating in the action or auditors;

    l. any governmental or regulatory body as required by law;

    m. any mediator or arbitrator retained by the parties to assist with resolving and/or settling the claims of this action and members of the arbitrator's or mediator's staff and assistants; and

    n. any other person only upon order of the Court or upon stipulation of the party that produced the CONFIDENTIAL material.

10. <u>Acknowledgement and Notice</u>. Before disclosure of any CONFIDENTIAL

discovery material is made to any person described in Paragraphs 9(c), 9(e), 9(f), 9(h), 9(j), and 9(m), the person to whom disclosure is made shall be advised of this Order and shall agree in writing (in the form attached hereto as Exhibit "A") to be bound by the terms of this Order. Counsel for each disclosing party shall maintain a file of such written agreements until this action is completed. Before disclosure of any CONFIDENTIAL material is made to any person described in paragraph 9(j), the party providing the Confidential discovery material to the third-party vendor(s) shall obtain assurances from the vendor that the CONFIDENTIAL materials shall be protected from inadvertent disclosure and the vendor shall maintain the confidentiality of the material. Before disclosure of any CONFIDENTIAL material is made to any person described in paragraph 9(e) above, the person to whom disclosure is made shall be advised of this Order. If the person to whom disclosure is made refuses to so agree in writing (in the form attached hereto as Exhibit "A"), then that person shall be provided a copy of the form attached hereto as Exhibit "C" and shall be asked to affirmatively state on the record that he or she has received the form.

11. Any Party may, at a deposition or in preparing for a deposition, disclose CONFIDENTIAL information to (a) any person identified in Paragraph 9 that is entitled to see such information; or (2) to a Party or Signatory to this Protective Order. Copies of such CONFIDENTIAL information shown to such individuals may be retained during preparation for the deposition, but such individuals must return all CONFIDENTIAL information within five (5) business days of reading and, if applicable, signing their respective deposition transcripts. Nothing in this Paragraph restricts a Party from disclosing its own CONFIDENTIAL information to its current/former officers, directors, members or employees.

12. Nothing in this Protective Order shall prohibit a Party from using CONFIDENTIAL information produced or received by a Party for litigation purposes or in the ordinary course of business if such information was in the possession, custody or control of the Party prior to the filing of this lawsuit.

13. This Protective Order does not limit the right of a Party to offer CONFIDENTIAL information into evidence at trial or use it for any lawful trial purpose, including impeachment. A Party may seek advance determination by the Court of the admissibility or non-admissibility of CONFIDENTIAL information. The Court may apply restrictions, as it deems appropriate, on the use of CONFIDENTIAL information.

14. Any Party may move the Court for an order that CONFIDENTIAL information be received in camera or under other conditions to prevent unnecessary disclosure.

15. Any corporation or entity which is affiliated with a Party and which produces documents or information responsive to a Party's discovery requests is a third-party beneficiary of this Protective Order and may pursue all civil remedies available to it for breach of this Protective Order but only after it provides written notice to the Party violating this Protective Order and affords that Party an opportunity to cure such alleged breach.

16. Third parties who produce documents in this case, pursuant to subpoenas or otherwise, may elect to become Signatories to this Protective Order by executing an Election in the form of the attached Exhibit B. Such third parties shall then enjoy the benefits of this Protective Order relative to the protective of CONFIDENTIAL information

produced by said third parties, and they shall also be bound by the obligations of this Protective Order. With respect to any such third party, the provisions of Paragraph 10, above, shall apply with respect to depositions and preparation for depositions.

17. CONFIDENTIAL information and any document or thing containing such CONFIDENTIAL information shall be held in confidence, shall not be made public by any Party or person entitled to view such information, and shall not be used for any financial, commercial, marketing, business, or other competitive purpose by the Receiving Party or person, unless such Receiving Party or person had access to such information prior to this litigation.

18. If any Party becomes aware of the disclosure of CONFIDENTIAL information in violation of this Order, such Party shall immediately promptly inform the Producing Party of all pertinent facts of such disclosure and shall instruct the unauthorized person to treat such information as CONFIDENTIAL and demand that it be returned.

19. If any CONFIDENTIAL information is to be filed with the Court, such material shall be designated as "CONFIDENTIAL" and shall be provisionally filed under restricted access with the filing party's motion for leave to file restricted access documents. A party seeking to file under restricted access must comply with the court's rules and electronic docketing procedures for filing such motions.

20. The acceptance of material marked CONFIDENTIAL shall not constitute an admission or concession or permit an inference that such material is, in fact, CONFIDENTIAL. Any Party may challenge in writing the designation of material marked as such (the "Challenge"). If any CONFIDENTIAL information is challenged, the Producing Party shall have fourteen (14) days after receipt of the Challenge to object in

writing to the challenge (the "Objection"). The Parties shall thereafter try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved informally within fourteen (14) days after transmittal of the Objection, the Producing Party bears the burden of proving the information was properly designated and shall file a Motion for Protective Order with the Court and the Court shall make a decision on the designation. The party challenging a "CONFIDENTIAL" designation must obtain a court order before disseminating the information except as otherwise allowed by this Protective Order.

21. This Protective Order shall not be construed to prevent the Parties from applying to this Court for relief therefrom, or from applying for further or additional protective orders, or from agreeing between themselves to modifications of this Protective Order, subject to the approval of this Court. The Protective Order shall not preclude the Parties from enforcing their rights against any other Party or any non-party believed to be violating their rights. It is expressly understood between the Parties that the category of personnel in Paragraph 9 may be increased by agreement or upon a showing, subject to the approval of this Court, by any Party that such modification is necessary.

22. This Protective Order shall survive the final determination of the lawsuit, including all appeals.

23. Upon final termination of this action, including all appeals, each party shall make reasonable efforts to destroy all discovery material designated as "CONFIDENTIAL." The destroying party shall notify the Producing Party when destruction under this provision is complete. If a party is unable to destroy all discovery material designated as "CONFIDENTIAL," that material shall be returned to the Producing Party or the Producing Party's counsel. This Protective Order shall survive the final termination of this action, and it shall be binding on the parties and their legal

counsel in the future. Counsel of record for the parties shall be entitled to retain an archival copy of all court papers, depositions, and trial transcripts, legal memoranda, correspondence, expert reports, and work product, even if such materials contain CONFIDENTIAL information, provided that retained materials will continue to be covered by this Protective Order.

24. The restrictions and obligations herein shall not apply to any information (a) the Parties agree should not be designated as CONFIDENTIAL information; (b) the Parties agree or the Court determines is public knowledge; or (c) which has come into the possession of the Receiving Party independently of production of discovery, such that the use or public disclosure would not violate some obligation owing to another. The burden of proving independent knowledge is upon the Party asserting such knowledge. These restrictions shall not prohibit discussions with any person regarding material designated CONFIDENTIAL if that person already has or obtains legitimate possession thereof.

25. Nothing in this Protective Order shall bar or restrict an attorney herein from rendering legal advice to the attorney's party-client with respect to this action, provided that in rendering such legal advice and in otherwise communicating with the party-client, the attorney shall not disclose any CONFIDENTIAL information to anyone not authorized to receive such information under this Protective Order.

Dated this 18th day of February, 2021.

                                      BY THE COURT:

                                      *s/ Cheryl R. Zwart*
                                      United States Magistrate Judge

# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SAMPSON CONSTRUCTION ) <br> CO., INC., ) <br> ) <br>       Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEVELOPERS SURETY AND ) <br> INDEMNITY COMPANY, ) <br> ) <br>       Defendant. ) | Case No. 4:20-cv-03149 <br><br> **UNDERTAKING COMPLIANCE WITH PROTECTIVE ORDER** |

UNDERTAKING OF _____.

1. My present address is _____. My present employer is _____, and the address of my present employer is _____. My present occupation is _____.

2. I have received a copy of the Protective Order in this action. I have read and understand it. I certify that I am eligible to review CONFIDENTIAL material. I will comply with the Protective Order. I will hold in confidence, will not disclose to anyone unqualified under the Protective Order, and will use only for purposes of the above-entitled action, any CONFIDENTIAL information, including the substance and any copy, summary, abstract, excerpt, index or description of such material that is disclosed to me. I will return all CONFIDENTIAL information that comes into my possession, and all

documents and things I have prepared relating thereto, to counsel for the Party by whom I am employed or retained or from whom I received such material, upon request.

     3.    I understand if I violate the provisions of the Protective Order, I will be subject to sanctions by the Court, and that other remedies may be sought against me. I submit to the jurisdiction of this Court for the purposes of enforcement.

DATED: _____

SIGNATURE: _____

## EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SAMPSON CONSTRUCTION CO., INC., | ) ) ) | Case No. 4:20-cv-03149 |
| Plaintiff, | ) ) | **ELECTION OF NON-PARTY TO PARTICIPATE IN PROTECIVE** |
| v. | ) ) | **ORDER** |
| DEVELOPERS SURETY AND INDEMNITY COMPANY, | ) ) ) | |
| Defendant. | ) | |

NAME OF NON-PARTY:_____.

1.  My present address is_____. My present employer is_____, and the address of my present employer is_____. My present occupation is_____.

2.  I have received a copy of the Protective Order in this action. I have read and understand it. I elect to become a Signatory thereto. Any CONFIDENTIAL information produced by me will be so designated in accordance with the Protective Order, and will receive the protections set forth in the Protective Order. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone unqualified under the Protective Order, and will use only for purposes of the above-entitled action, any CONFIDENTIAL information, including the substance and any copy,

summary, abstract, excerpt, index or description of such material that is disclosed to me. I will return all CONFIDENTIAL information that comes into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained or from whom I received such material, upon request.

3. I understand if I violate the provisions of the Protective Order, I will be subject to sanctions by the Court, and that other remedies may be sought against me. I submit to the jurisdiction of this Court for the purposes of enforcement.

DATED: _____

SIGNATURE: _____

**EXHIBIT C**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SAMPSON CONSTRUCTION CO., INC., | ) ) ) | Case No. 4:20-cv-03149 |
| Plaintiff, | ) ) ) | |
| | ) | **NOTICE TO WITNESS** |
| v. | ) ) | |
| DEVELOPERS SURETY AND INDEMNITY COMPANY, | ) ) ) | |
| Defendant. | ) | |

You are being shown one or more documents which have been designated as "Confidential" pursuant to an Order of this Court. Except for providing testimony, you may not disclose these documents or their contents to any person other than the attorney who represents you. Further, neither these documents nor their contents may be used by you for any purpose except that you may use them for your testimony in connection with this litigation. In any event, you are prohibited from using them for any business, competitive, personal, private, public, or other non-litigation purpose. The improper disclosure or use of these documents or their contents may result in the imposition of sanctions upon you by the Court. If you wish a complete copy of the Court Order, a copy will be provided to you upon request.